SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------X
FIRESTONE ART, LLC d/b/a ERIC FIRESTONE,

        Plaintiff,                    Index No.:

   -against-

TOKIO MARINE HIGHLAND INSURANCE
SERVICES, INC. d/b/a Tokio Marine Highland, Fine Art
Division, PHILADELPHIA INDEMNITY
INSURANCE COMPANY a Tokio Marine Company,
and DOES 1-10,

        Defendants.
----------------------------------------------X

# Memorandum of Law in Support of TRO and Injunctive Relief

**MAZZOLA LINDSTROM LLP**
Wendy J. Lindstrom
Richard E. Lerner
Hanoch Sheps
Katie O'Leary
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
D: 646.216.8300
M: 516.680.2889
wendy@mazzolalindstrom.com
hanoch@mazzolalindstrom.com
katie@mazzolalindstrom.com

*Attorneys for Plaintiff Firestone Ar,t LLC*

## Preliminary Statement

Plaintiff Firestone Art, LLC, by the undersigned counsel, respectfully submits this memorandum of law in support of its motion, brought by order to show cause, for a TRO and injunction enjoining defendants from, in sum, removing property belonging to plaintiff from storage facilities in the New York metropolitan area to Chicago without plaintiff's authorization – and in fact, against the plaintiff's express wishes – as well as requiring defendants to return certain property to plaintiff over which the insurers have asserted no claim, nor could they, to a superior right of possession.

The facts that support the relief sought herein are set forth in the accompanying affirmation of Wendy J. Lindstrom, and the exhibits thereto.

## Argument
## Plaintiff is Entitled to a TRO and Injunctive Relief

To obtain an injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) irreparable injury absent an injunction; and (3) a balance of the equities in its favor. *Concourse Rehab. & Nursing Ctr. v. Gracon Assocs.,* 64 A.D.3d 405 (1st Dep't 2009). A court may grant "a temporary restraining order … pending a hearing for a preliminary injunction where it appears that immediate and irreparable injury, loss or damage will result unless the defendant is restrained before the hearing can be had." CPLR § 6301. The purpose of granting applications for a temporary restraining order is to preserve the status quo in a case where the status quo is threatened before the case has a chance to be heard or recovery sought. *See Board of Managers of Colonnade Condominium v. 32F at 347 West 5th Street,* 171 A.D.3d 682 (1st Dep't 2019); *Segarra v. Ashouin,* 253 A.D.2d 406 (1st Dep't 1998). CPLR § 7109 (a) also provides, in pertinent part, as follows:

> (a) **Injunction, temporary restraining order**. Where the chattel is unique, the court may grant a preliminary injunction or temporary restraining order that the

chattel shall not be removed from the state, transferred, sold, pledged, assigned or otherwise disposed of until the further order of the court.

It is uncontested that the artwork involved in the underlying action is unique.

    **a.**    **Plaintiff is Likely to Succeed on its Claims for Breach of Contract.**

A breach of contract claim must satisfy all four of the following elements: (1) formation of a contract between plaintiff and defendant; (2) performance by plaintiff; (3) defendant's failure to perform; and (4) resulting damage. *See East Ramapo Central School District v. New York Schools Insurance Reciprocal,* 199 A.D.3d 881 (2d Dept 2021). Each of the elements of a breach of contract claim are met in this matter. As for the first element, the parties entered into a written contract, here an all-risks insurance policy. Plaintiff has satisfied its obligations under the policy: Upon discovering the damage to the artworks at issue in this action, plaintiff notified the defendants and has cooperated during all stages of adjusting the claim.

Defendants, however, have failed to abide by their contractual obligations, having failed to timely and fully compensate plaintiff for its losses, and for dragging out the start of the conservation process, and failing to compensate the plaintiff for conservation and repair costs that it has incurred. As a result of defendants' breaches, plaintiff has suffered damages. It has been deprived of the benefit of insurance coverage for which premiums have been paid and has suffered actual and compensatory damages in the amount of $7 million.

    **b.**    **Plaintiff is at Risk of Suffering Irreparable Harm Absent a Temporary Restraining Order and Preliminary Injunction.**

Absent an immediate restraint on defendants and a preliminary injunction, plaintiff's artworks are at heightened risk of damage, due to their transportation out of the New York metropolitan area. Such damage is, by definition, irreparable, since artworks – by definition – are unique and irreplaceable. Irreparable harm is suffered when the defendant dissipates proceeds so as to render any ultimate judgment ineffectual. *See H.I.G. Capital Management v. Ligator,* 233

A.D.2d 270 (1st Dep't 1996) ("The uncontrolled disposal of respondents' assets, which might render an award ineffectual, presents the risk of irreparable harm."); *Brettschneider v. Bell,* No. 12701/05, 10 Misc.2d 1062(A) (Sup. Ct., Nassau County, Dec. 19, 2005) (holding that the risk of irreparable harm exists if defendant "may dissipate such proceeds so as to render the ultimate money judgment ineffectual") (citing *Zonghetti v. Jeromack*, 150 A.D.2d 561 (2d Dep't 1989)). While the plaintiff does not contend that the artworks themselves might be dissipated, the plaintiff maintains that their intrinsic value could be dissipated if they are further damaged.

Indeed, as demonstrated by the fact that the artworks were exposed to humidity and mold and nothing has been done to further abate mold growth and water damage in over 18 months, the artworks are indeed at risk of further damage, as defendants have mishandled them at their chosen storage facility, even causing further damage to them.

Now, defendants have taken steps to move the hundreds of artworks – many of which are in delicate condition – more than 800 miles away from the New York metropolitan area to Chicago for conservation, despite there being no shortage of highly competent conservators in New York City, many of whom defendants *regularly* retain for such purposes. It is well understood in the art world that transit is a risk multiplier; every time art is handled, packaged and transported it is exposed to risk, this risk is obviously increased the farther the artworks travel. In other words, transportation greatly increases the risk of damage to these irreplaceable artworks.

c. **The Balance of the Equities Favors Granting Injunctive Relief**

The balance of the equities weighs in favor of granting plaintiff's motion for a temporary restraining order and preliminary injunction. The equities favor granting injunctive relief when "any injury [plaintiff] is likely to sustain will be more burdensome to it than the harm likely to be caused to [defendants] through the imposition of an injunction." *Credit Index v. RiskWise Int'l*,

4

282 A.D.2d 246 (1st Dep't 2001). In contrast to the irreparable harm that plaintiff will suffer absent an injunction, defendants will not suffer any rightful hardship by the imposition of an injunction precluding defendants from transporting the artworks to a conservation facility outside of the New York metropolitan area.

        d.        **CPLR §§ 6301 and 7109 Authorize this Court to Grant the Relief Sought.**

A preliminary injunction may granted in any action where it appears that the defendant threatens or is about to do, or is doing or procuring or suffering to be done, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual, or in any action *where the plaintiff has demanded and would be entitled to a judgment restraining the defendant from the commission or continuance of an act, which, if committed or continued during the pendency of the action, would produce injury to the plaintiff.* CPLR § 6301 (emphasis added).

Defendants have taken steps to begin transporting the artworks to Chicago, a process that poses a great risk of further damage to plaintiff's and its clients' property. Here, plaintiff is clearly entitled to preliminary relief to prevent further damage to their artwork and incurring greater costs associated with this claim.

        e.        **The Returnable Art Must Be Returned to Plaintiff at Defendants' Expense.**

Defendants have and cannot assert any superior possessory right to the Returnable Art and their refusal thus far to pay for its release or facilitate plaintiff's retrieval, at its own cost and expense, has and continues to cause plaintiff to suffer damages. In addition, plaintiff hereby demands release of a certain Kenny Scharf mural as it is being demanded by its owner.

5

## Conclusion

Based on the foregoing, plaintiff Firestone Art, LLC respectfully requests that the court issue a temporary restraining order and, in due course, issue an injunction in favor of the plaintiff preventing defendants from transporting the artworks involved in this claim outside the New York City metropolitan area, and ordering that the defendants deliver the Returnable Artwork to plaintiff within 7 days of the issuance of the court's order.

Dated: May 16, 2024
New York, New York

By: *Wendy J. Lindstrom*

Respectfully submitted,
MAZZOLA LINDSTROM LLP

Wendy J. Lindstrom
Richard E. Lerner
Hanoch Sheps
Katie O'Leary
*Attorneys for plaintiff*
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
D: 646.216.8300
M: 516.680.2889
wendy@mazzolalindstrom.com
richard@mazzolalindstrom.com
hanoch@mazzolalindstrom.com
katie@mazzolalindstrom.com