```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                          :
FIRESTONE ART LLC d/b/a ERIC FIRESTONE,                   :
                                                          :
                         Plaintiff,                       :
                                                          :    24 Civ. 3772 (JPC)
            -v-                                           :
                                                          :         ORDER
PHILADELPHIA INDEMINITY INSURANCE                         :
COMPANY et al.,                                           :
                                                          :
                         Defendants.                      :
                                                          :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Earlier today, Defendants removed this action from New York State Supreme Court. Dkt. 1. Prior to that removal, Plaintiff filed an application in state court to schedule a show cause hearing on "why an order should not be entered" that would "[r]estrain[] defendants from transporting the artworks covered under plaintiff Firestone's insurance policy outside of the New York metropolitan area" and "[d]irect that, within seven days (or such number of days as this court may deem reasonable), defendants return the Returnable Art (as that term is defined in the complaint) along with a Kenny Scharf mural to plaintiff Firestone . . . at defendants' cost." Dkt. 3-1 ("Proposed OSC"); *see* Dkt. 3-2 ("Affirmation"); Dkt. 3-5 ("Pl. Br."). In its proposed order to show cause, Plaintiff also requests emergency relief in the form of an order enjoining Defendants from transporting those pieces of art out of the New York City area pending the show cause hearing. Proposed OSC at 2. Relying on its state court filings, Plaintiff now asks this Court to "immediately" consider its application, "grant a [temporary restraining order], and schedule a hearing within fourteen days, per Federal Rule of Civil Procedure 65." Dkt. 3 ¶¶ 5-6.

Pursuant to Federal Rule of Civil Procedure 65(b)(1), the Court may only grant a temporary restraining order if, in relevant part, "specific facts in an affidavit or a verified complaint clearly

show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Accordingly, "[i]n considering the appropriateness of a temporary restraining order, courts must examine whether the movant[] has[] demonstrated a threat of irreparable harm that will occur *immediately* to justify a temporary restraining order, while the temporal context of a preliminary injunction takes a longer view." *Carter v. Sewell*, No. 23 Civ. 1139 (JLR), 2023 WL 7164304, at *1 (S.D.N.Y. Oct. 31, 2023) (internal quotation marks omitted).

Plaintiff's briefing is far from a model of clarity, and the Court struggles to discern what immediate relief Plaintiff is seeking when it asks the Court to "grant a TRO." Dkt. 3 ¶ 5. It appears clear that Plaintiff seeks, as emergency relief, an order enjoining Defendants from transporting the artworks pending a show cause hearing. Proposed OSC at 2. That request is denied. Plaintiff has not identified when Defendants intend to move the pieces of art in question, only that they "have taken steps to begin transporting the artworks to Chicago." Pl. Br. at 5. Without identifying a specific date for Defendants' anticipated transportation of the artworks, Plaintiff has failed to show that it faces immediate harm.

To the extent Plaintiff also seeks emergency relief that would require the return of the undamaged or minimally damaged works and the Kenny Scharf mural (collectively, the "Returnable Art") pending a hearing, that request too is denied for failure to articulate immediate injury. Several months have passed since the parties agreed that the Returnable Art should be returned to Plaintiff, yet Plaintiff waited until now to seek emergency relief. *See* Affirmation ¶¶ 10-12 (suggesting that the parties agreed after inspections on January 26, 2024 that undamaged or minimally damaged artworks would be returned to Plaintiff). While Plaintiff maintains that "the artworks are . . . at risk of further damage, as defendants have mishandled them at their chosen storage facility," Pl. Br. at 4, "months-long delays in seeking injunctions have repeatedly been

2

held by courts in the Second Circuit to undercut the sense of urgency," *Carter*, 2023 WL 7164304, at *1 (internal quotation marks and alteration omitted).  Nor can the Court discern any other reason from Plaintiff's papers that would suggest that immediate action is required with respect to these artworks that cannot wait a response from Defendants.

    The Court will hold a hearing on whether Plaintiff is entitled to injunctive relief on Friday, May 24, 2024 at 10:00 a.m. in Courtroom 12D of 500 Pearl Street, New York, NY 10007.  Defendants shall file any opposition by Monday, May 20, 2024, at 5:00 p.m.  If Defendants schedule the transportation of the artworks at issue to occur prior to the hearing, Defendants must immediately inform the Court and Plaintiff.

    SO ORDERED.

Dated: May 16, 2024  
      New York, New York

                                      JOHN P. CRONAN  
                                    United States District Judge